**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW HOLDING LLC, | ) | Case No. 25-10566 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3168428 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PLF SHOREVIEW LLC, | ) | Case No. 25-10571 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3657602 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MDW SHOREVIEW LLC, | ) | Case No. 25-10570 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3658649 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW APARTMENTS LLC, | ) | Case No. 25-10567 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3176780 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PLF SHOREVIEW MEZZ LLC, | ) | Case No. 25-10568 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3851270 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MDW SHOREVIEW MEZZ LLC, | ) | Case No. 25-10567 (SMR) |
| | ) | |
| Debtor. | ) | Tax ID No.: 87-3873408 |

# DEBTORS' MOTION FOR ENTRY
# OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
# OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") state the following in support of this motion (the "Motion"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"); (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief.

2. Specifically, the Debtors request that the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court") maintain one file and one docket for all of the jointly administered cases under the case of Shoreview Holding, LLC, Case No. 25-10566 (SMR), and that the cases be administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW HOLDING LLC, et al.,[1] | ) | Case No. 25-10566 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding LLC (8428), PLF Shoreview LLC (7602), MDW Shoreview LLC (8649), Shoreview Apartments LLC (6780), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408). The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3, Suite 320, Austin, TX 78759.

As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors' names, the last four digits of each Debtor's tax identification number and the Debtors' mailing address.

3. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

2

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Shoreview Holding LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case directing joint administration of the chapter 11 cases of: Shoreview Holding LLC, Case No. 25-10566; PLF Shoreview LLC, Case No. 25-10571; MDW Shoreview LLC, Case No. 25-10570; Shoreview Apartments LLC, Case No. 25-10567; PLF Shoreview Mezz LLC, Case No. 25-10568; and MDW Shoreview Mezz LLC, Case No. 25-10567. The docket in the chapter 11 case of Shoreview Holding LLC, Case No. 25-10566 (SMR) should be consulted for all matters affecting this case.

**Jurisdiction and Venue**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015 of the Local Bankruptcy Rules for the Western District of Texas (the "Bankruptcy Local Rules").

**Background**

8. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated. Granting the relief requested herein will not require modification of a prior order or in any of these chapter 11

3

cases. The Debtors anticipate seeking authority, by separate motion, to file a consolidated creditor matrix for future noticing in these chapter 11 cases.

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Debtor entities that commenced these chapter 11 cases are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. The Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein. Additionally, Bankruptcy Local Rule 1015 also provides for the joint administration of related chapter 11 cases. *See* BANKR. L.R. 1015 (stating the procedure for filing motions and proposed orders for joint administration). The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules.

10. The joint administration of these chapter 11 cases for procedural purposes only will provide significant administrative convenience without harming the substantive rights of any party in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect the Debtors' estate. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative and potentially confusing filings and objections. Joint administration also will allow the Office of the United States Trustee for the Western District of Texas (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. The Debtors submit that use of the simplified caption set forth above, without reference to their full respective tax identification number hand other detail specified by Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and

312214995v.6

confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request. In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

12. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against either of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

13. In sum, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; rather, they will benefit from the reduced costs associated with the joint administration of these chapter 11 cases. Accordingly, the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest. The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

## Notice

14. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Western District of Texas; (b) the United States Attorney for the Western District of Texas; (c) the United States Department of Justice; (d) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (e) the Internal Revenue

Service; and (f) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims. The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank*]

312214995v.6

| | |
|---|---|
| Dated: April 25, 2025 | **TROUTMAN PEPPER LOCKE LLP** |
| | */s/ Stephen J. Humeniuk* |
| | Daniel Durell (Tex. Bar No. 24078450) |
| | Stephen J. Humeniuk (Tex. Bar No. 24087770) |
| | 300 Colorado St., Suite 2100 |
| | Austin, TX 78701 |
| | T: (512) 305-4700 |
| | F: (512) 205-4800 |
| | daniel.durell@troutman.com |
| | stephen.humeniuk@troutman.com |
| | |
| | Michael A. Sabino (*pro hac vice* pending) |
| | 875 Third Avenue |
| | New York, NY 10022 |
| | T: (212) 704-6000 |
| | F: (212) 704-6288 |
| | Email: michael.sabino@troutman.com |
| | |
| | *Proposed Attorneys for Debtors* |
| | *and Debtors in Possession* |