

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 09, 2025.**

_____

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW HOLDING, LLC et al.,[1] | ) | Case No. 25-10566 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AGREED ORDER GRANTING PEARLMARK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 AND WAIVER OF 30-DAY HEARING REQUIREMENT**

Upon *Pearlmark's Motion for Entry of an Order Lifting the Automatic Stay Pursuant to*

*Section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001 and Waiver*

---

[1] The Debtors in these chapter 11 cases pending joint administration and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding, LLC (8428), PLF Shoreview, LLC (7602), MDW Shoreview, LLC (8649), Shoreview Apartments LLC (8428), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408). The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3 Suite 320, Austin, Texas 78759.

*of 30-Day Hearing Requirement* [Dkt. Nos. 55 and 76] (the "<u>Motion</u>")[2] filed by PMRP V Holdings, L.L.C. ("<u>Pearlmark</u>"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings* dated October 4, 2013; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the objections (if any) to the Motion; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent, and under the terms and conditions, set forth herein.

2.      Pearlmark agrees to accept the indefeasible payment of $13,664,126.37 (the "<u>Pearlmark Payment Amount</u>") in full and final satisfaction of the debt arising from the Mezzanine Loan provided that the following conditions (the "<u>Payment Conditions</u>") are all satisfied:

   a.  The Mortgage Loan debt owed by the Project Debtors to PFP VII SUB VIII, LLC ("<u>Prime</u>") has previously been paid and satisfied in full or as otherwise agreed upon in writing as between Prime and the Debtors;

   b.  Pearlmark has received from Prime the full amount of $3,949,021.77 that was advanced by Pearlmark to Prime as referenced in paragraph 11 of the Motion (the "<u>Advance</u>");[3] and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Pearlmark shall use commercially reasonable efforts to obtain the repayment from Prime of the Advance contemporaneously with the Debtors' satisfaction of the Prime Mortgage Loan debt.

      c.   The full Pearlmark Payment Amount is indefeasibly received by Pearlmark on or before July 23, 2025 (the "Payment Deadline").

3.     If the Pearlmark Payment Amount is timely received by Pearlmark and all Payment Conditions have been satisfied, the debt owed to Pearlmark arising from the Mezzanine Loan shall be deemed extinguished and fully and finally satisfied, and Pearlmark shall be deemed to fully and finally release all claims and causes of action Pearlmark may possess against all guarantors of the Mezzanine Loan.

4.     If the Pearlmark Payment Amount is not received by Pearlmark on or before the Payment Deadline with all of the Payment Conditions having been timely satisfied, the automatic stay of 11 U.S.C. § 362 shall immediately and automatically terminate as to Pearlmark and the Mezzanine Loan without further order of this Court as of the date immediately following the Payment Deadline.  Pearlmark shall be authorized to exercise all of its available remedies and to enforce its rights under the Mezzanine Loan documents, including, without limitation, proceeding with a foreclosure on the Mezzanine Collateral, and the Debtors shall be enjoined from taking any action to interfere with or contest the validity of Pearlmark's exercise of such rights and remedies. Debtors acknowledge, stipulate, and agree (a) that the public UCC auction of the Mezzanine Collateral, scheduled for April 24, 2025 at 1:00 pm Eastern and adjourned immediately before the scheduled sale due to the Debtors' filing of bankruptcy petitions (the "Public UCC Sale"), was, in all respects, commercially reasonable and conducted in good faith; and (b) if the Pearlmark Payment Amount is not timely received by Pearlmark with all Payment Conditions timely satisfied, then Pearlmark's rescheduling of the Public UCC Sale, on not less than seven (7) days' notice, will be a commercially reasonable and good-faith disposition of the Mezzanine Collateral so long as the minimum bid for the Mezzanine Collateral at such Public UCC Sale is at least

$11,000,000; provided, however, that any guarantor of the Mezzanine Loan debt shall retain the right to contest the amount of any remaining deficiency claim on such debt following any foreclosure sale of the Mezzanine Collateral.

5.      The Debtors are hereby authorized and directed to execute any other definitive documents necessary to carry out the terms of this Agreed Order.

6.      Nothing in this Agreed Order shall be deemed to alter, amend or modify the terms of the: (i) Final Cash Collateral Order,[4]  including without limitation the Debtors' obligations with respect to the Milestones (as defined in the Final Cash Collateral Order) contained therein; or (ii) Intercreditor Agreement.[5]

7.      The fourteen (14)-day stay period imposed by FED. R. BANKR. P. 4001(a)(3) shall not apply.

8.      This Order is final within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

### # # #   END OF ORDER   # # #

---

[4] Final Cash Collateral Order shall mean the *Agreed Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Lender, and (III) Granting Related Relief* [Dkt. No. 103].

[5] Intercreditor Agreement shall mean that certain Intercreditor Creditor Agreement dated December 15, 2021 among Prime, as successor in interest to Prime Finance Short Duration Holding Company VII, LLC and Pearlmark, as amended from time to time.

Agreed to and submitted by:

**HAYNES AND BOONE, LLP**

By:  */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky (Tex. Bar No. 15881850)
Jordan E. Chavez (Tex. Bar No. 24109883)
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Tel: (214) 651-5000
Fax: (214) 651-5940
Email:  stephen.pezanosky@haynesboone.com
Email:  jordan.chavez@haynesboone.com

***Counsel for PMRP V Holdings, L.L.C.***

**TROUTMAN PEPPER LOCKE LLP**

By:  */s/ Stephen J. Humeniuk*
Stephen J. Humeniuk (Tex. Bar No. 24087770)
300 Colorado St., Suite 2100
Austin, TX 78701
Tel: (512) 305-4700
Fax: (512) 205-4800
Email: stephen.humeniuk@troutman.com

Michael A. Sabino (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
Tel: (212) 704-6000
Fax: (212) 704-6288
Email: michael.sabino@troutman.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  */s/ Benjamin Mintz*
Benjamin Mintz (admitted *pro hac vice*)
Justin Imperato (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
Email: Benjamin.Mintz@arnoldporter.com
Email: Justin.Imperato@arnoldporter.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

and

**NORTON ROSE FULBRIGHT US LLP**

By:  */s/ Steve A. Peirce*
Steve A. Peirce (Tex. Bar No. 15731200)
Frost Tower, 111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Tel: (210) 270-7179
Email: Steve.peirce@nortonrosefulbright.com

***Counsel for PFP VII SUB VIII, LLC***