

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 15, 2025.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW HOLDING LLC, *et al.*,[1] | ) | Case No. 25-10566 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) SCHEDULING A
### COMBINED DISCLOSURE STATEMENT
### APPROVAL AND PLAN CONFIRMATION
### HEARING, (II) ESTABLISHING PLAN AND DISCLOSURE
### STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED
### PROCEDURES, AND (III) APPROVING THE COMBINED NOTICE

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) scheduling the Combined

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding LLC (8428), PLF Shoreview LLC (7602), MDW Shoreview LLC (8649), Shoreview Apartments LLC (6780), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408).  The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3, Suite 320, Austin, TX 78759.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.  In the event of a conflict between the definition of a term in the Motion and the definition of the same term in the Plan, the definition in the Plan shall control.

Hearing on the adequacy of the Disclosure Statement, on a final basis, and confirmation of the Plan, (b) establishing the Objection Deadline, the Confirmation Materials Deadline, and approving related procedures, and (c) approving the form and manner of the Combined Notice and Opt-Out Form and related deadlines, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Combined Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on July 22, 2025, at 3:30 p.m. (prevailing Central time) via hybrid hearing.  Parties in interest wishing to attend the Combined Hearing in person may appear at the Homer J. Thornberry Federal Judicial Bldg. 903 San Jacinto Blvd., Courtroom No. 1, Austin, Texas 78701.  Parties in interest withing to attend the Combined Hearing remotely may appear remotely through the following access details:

*https://www.zoomgov.com/my/robinson.txwb* via Zoom or Call 669-254-5252; Meeting ID: 161 0862 5245. The Combined Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or the filing of a notice or a hearing agenda in these Chapter 11 Cases; provided, however, nothing herein shall alter or amend the requirement contained in the Plan that the Effective Date shall occur on or before July 23, 2025 (unless the Mortgage Lender and the Mezzanine Lender consent in writing to an extension of such date).

2.  Any objections or responses to adequacy of the Disclosure Statement, on a final basis, and/or confirmation of the Plan must have been filed and received as set forth in paragraph 4(e) of this Order by July 18, 2025, at 4:00 p.m., prevailing Central Time.

3.  Any brief in support of confirmation of the Plan, reply to any objections, any plan supplement or submission in further support of confirmation of the Plan shall be filed on or before July 21, 2025.

4.  Any objections or responses to the Disclosure Statement and/or confirmation of the Plan must:

    a.    be in writing;
    b.    comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;
    c.    state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity;
    d.    state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections;
    e.    be filed with this Court (including the manners as set forth in the Combined Notice) with proof of service thereof and served upon the Notice Parties so as to be actually received by the Objection Deadline (*i.e.*, July 18, 2025, at 4:00 p.m., prevailing Central Time);

5.  Any objections not satisfying the requirements of this Order, the Bankruptcy Rules, and the Local Rules shall not be considered and shall be overruled.

3

6.      The Combined Notice, a copy of which is attached hereto as **Exhibit 1** and the Opt-Out Form, attached hereto as **Exhibit 2**, and service thereof, complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable rules, laws, and regulations, and are approved and deemed to be good, sufficient and appropriate notice under the circumstances.

7.      The Objection Deadline (*i.e.,* July 18, 2025, at 4:00 p.m., (CT)) is approved.

8.      The Plan Supplement Deadline (*i.e.,* July 18, 2025) is approved.

9.      The Confirmation Materials Deadline (*i.e.,* July 21, 2025) is approved.

10.     The Debtors' request of waiver of the notice requirement with respect to Class 6 Intercompany Claims is granted.

11.     The Debtors are not required to serve a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that are unimpaired under, and conclusively presumed to accept, the Plan; nor are the Debtors required to serve a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that do not receive or retain any property under, and are conclusively deemed to reject, the Plan. Within one (1) business day of the entry of this Order, the Debtors are authorized to serve copies of the Plan and Disclosure Statement on the U.S. Trustee, Mortgage Lender, Mezzanine Lender, equity interest holders, and the top 30 general unsecured creditors.

12.     Within one (1) business day of the entry of this Order, the Debtors shall serve the Combined Notice and Opt-Out Form on all parties on the creditor matrix.

13.     Service of the Combined Notice as described herein shall be deemed good, adequate and sufficient notice of: (a) the commencement of these chapter 11 cases, (b) the Objection Deadline and the procedures for objecting to the adequacy of the Disclosure Statement

4

and confirmation of the Plan, (c) the Confirmation Materials Deadline, and (d) the scheduling of the Combined Hearing and no other or further notice shall be necessary.

14. The Debtors shall serve by mail the Opt-Out Form to those creditors and equity holders not entitled to vote on the Plan (collectively, the "Non-Voting Holders"), in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders copies of the Disclosure Statement and the Plan, and any requirements under the Bankruptcy Rules, including Bankruptcy Rule 3017(d), or the Bankruptcy Local Rules, to transmit copies of the Disclosure Statement and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders, except as otherwise set forth herein. The Debtors are authorized, without further approval of the Court, to make non-substantive modifications to the Opt-Out Form.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

16. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

#      #      #

PREPARED BY:

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Stephen J. Humeniuk*

5

Daniel Durell (Tex. Bar No. 24078450)
Stephen J. Humeniuk (Tex. Bar No. 24087770)
300 Colorado St., Suite 2100
Austin, TX 78701
T: (512) 305-4700
F: (512) 205-4800
daniel.durell@troutman.com
stephen.humeniuk@troutman.com

Michael A. Sabino (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
T: (212) 704-6000
F: (212) 704-6288
Email: michael.sabino@troutman.com

***Proposed Attorneys for Debtors and Debtors in Possession***

## Exhibit 1

**Combined Notice**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOREVIEW HOLDING LLC, *et al.*,[1] | ) | Case No. 25-10566 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) HEARING ON THE DISCLOSURE STATEMENT,**
**CONFIRMATION OF THE JOINT CHAPTER 11 PLAN, AND**
**RELATED MATTERS, AND (III) OBJECTION DEADLINES AND SUMMARY OF**
**THE DEBTORS' JOINT CHAPTER 11 PLAN**

**TO: ALL HOLDERS OF CLAIMS, HOLDERS OF EQUITY INTERESTS, AND**
**PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

On July 11, 2025, the above captioned debtors and debtors in possession (collectively, the "Debtors"), filed their *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2]

On April 24, 2025 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court") their chapter 11 bankruptcy petitions, commencing the above-captioned jointly-administered bankruptcy cases.

**The Plan and Disclosure Statement are accessible now, on the Bankruptcy Court's website, https://ecf.txwb.uscourts.gov.** Copies of the Plan and the Disclosure Statement may also be obtained upon request of the Debtors' proposed counsel, Troutman Pepper Locke LLP, at the address specified below. The Debtors' Plan and Disclosure Statement will be on the docket with the Bankruptcy Court and will be available for inspection for a fee on the Bankruptcy Court's

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding LLC (8428), PLF Shoreview LLC (7602), MDW Shoreview LLC (8649), Shoreview Apartments LLC (6780), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408). The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3, Suite 320, Austin, TX 78759.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable. In the event of a conflict between the definition of a term in the Disclosure Statement and the definition of the same term in the Plan, the definition in the Plan shall control. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan and/or Disclosure Statement, the Plan shall govern and control.

website at www.txwb.uscourts.gov and will be on file with the Clerk of the Bankruptcy Court, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701, where they will be available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Central Time.

The primary purpose of the Plan is to implement an equitization of a substantial portion of the Debtors' secured debt through the issuances of new equity for Cash or participation in an exit facility loan. **Importantly, the Plan provides for the satisfaction of all trade, customer, and other non-funded debt claims in full in the ordinary course of business or other treatment as to render such claim unimpaired**. The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

### Key Terms of the Plan[3]

The Plan provides, among other things, that upon emergence:

- **All outstanding and undisputed General Unsecured Claims against the Debtors will be unimpaired and unaffected by the chapter 11 cases and will be paid in full in cash or reinstated and satisfied in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such claim, in each case, as set forth in the Plan;**

- All Allowed Priority Tax Claims, Other Priority Claims, and Other Secured Claims will be paid in full in cash, or receive such other customary treatment that renders such Claims unimpaired under the Bankruptcy Code;

- Each Holder of a Mortgage Loan Claim shall receive indefeasible payment in full in Cash of its Allowed Mortgage Loan Claims in full and final satisfaction, compromise, settlement and release of such claims without offset, recoupment, reductions, or deductions of any kind, and only thereafter, shall the Mortgage Lender release all Liens securing the Mortgage Loan Claim, including, but not limited to, those Liens pursuant to the Mortgage Loan Documents.

- Each Holder of an Allowed Mezzanine Loan Claim shall receive payment in full in Cash of its Allowed Mezzanine Loan Claim in full and final satisfaction, compromise, settlement and release of such claims without offset, recoupment, reductions, or deductions of any kind, and the Mezzanine Lender shall release all Liens securing the Mezzanine Loan Claims, including, but not limited to, those Liens pursuant to the Mezzanine Loan Documents, and release all claims against any guarantors under the Mezzanine Loan Documents.

- Each of the Mortgage Debtors shall contribute 100% of their interests in the Property to Reorganized Shoreview Holding.

---

[3] This summary is qualified in its entirety by the terms of the Plan. In the event of inconsistency or conflict between this summary and the terms of the Plan, the terms of the Plan shall control and govern.

- Each of the Mezzanine Debtors shall either contribute 100% of their Existing Equity Interests to Shoreview JV LP or the New Mezzanine Debtor, and shall then be subordinate to the Equity Investment.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 3 | Mortgage Loan Claim | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 4 | Mezzanine Loan Claim | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Intercompany Claims | Impaired/ Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 7 | Existing Mortgage Debtor Equity Interests | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 8 | Existing Mezzanine Debtor Equity Interests | Unimpaired | Not Entitled to Vote (Deemed to Accept) |

### **Key Dates and Information Regarding Confirmation of the Plan**

To implement the financial restructuring transactions contemplated by the Plan, the Debtors filed voluntary petitions for reorganization pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division on the Petition Date. **The Bankruptcy Court has scheduled a hearing on confirmation of the Plan and the adequacy of the Disclosure Statement (the "Combined Hearing") to be held before the United States Bankruptcy Court for the Western District of Texas, Austin Division at 903 San Jacinto Blvd., Austin, TX 78701, on July 22, 2025, at 3:30 p.m. (prevailing Central Time), subject to the availability of the Bankruptcy Court.** Parties in interest withing to attend the Combined Hearing remotely may appear remotely through the following access details: *https://www.zoomgov.com/my/robinson.txwb* via Zoom or Call 669-254-5252; Meeting ID: 161 0862 5245. At the Combined Hearing, the Bankruptcy Court will consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice; provided, however, nothing herein shall alter or amend the

requirement contained in the Plan that the Effective Date shall occur on or before July 23, 2025 (unless the Mortgage Lender and the Mezzanine Lender consent in writing to an extension of such date).

**How May an Interested Party Object to the Plan or Disclosure Statement?** Any objections (each, an "Objection") to the Plan or the Disclosure Statement must: (a) be in writing; (b) be filed with the Court; (c) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Western District of Texas; (d) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (e) state with particularity the legal and factual basis for such Objections, and, if practicable, a proposed modification to the Plan that would resolve such Objections; and (f) served so as to be **actually received** no later than **July 18, 2025, at 4:00 p.m., prevailing Central Time** (the "Objection Deadline") on the below parties.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **July 18, 2025, at 4:00 p.m., (prevailing Central Time)** as well as the following parties:

| *Debtors* |
|---|
| **Shoreview Holdings LLC** |
| 9050 N. Capital of Texas Hwy |
| Bldg. 3, Suite 320 |
| Austin, Texas 78759 |
| Attention: Legal Department |
| *Proposed Counsel to the Debtors* |
| Troutman Pepper Locke LLP |
| 300 Colorado St., Suite 2100 |
| Austin, TX 78701 |
| Attention:  Daniel Durell and Stephen J. Humeniuk |
| *United States Trustee* |
| **Office of the United States Trustee** |
| **for the Western District of Texas** |
| 903 San Jacinto Blvd., Room 230 |
| Austin, TX 78701 |

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, ATTACHED HERETO AS ANNEX I, AND ARTICLE IX.D CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**ALL HOLDERS OF CLAIMS OR INTERESTS WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED**

PARTIES **UNLESS** SUCH HOLDERS: (X) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION OR (Y) RETURN AN OPT-OUT FORM.

## Annex I

### Discharge, Injunctions, Exculpation, and Releases

Please be advised that Article IX of the Plan contains certain release, exculpation, and injunction provisions as follows:

### Relevant Definitions

"Cause of Action" or "Causes of Action" means any claims, interests, damages, remedies, causes of action (including Avoidance Actions), demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise. Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law; (b) the right to object to or otherwise contest Claims or Interests; (c) claims pursuant to sections 362, 510, 542, 543, 544 through and including 550, or 553 of the Bankruptcy Code; (d) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any claim under any state or foreign law, including, without limitation, any fraudulent transfer or similar claim.

"Exculpated Parties" means collectively, and in each case, in its capacity as such, the Debtors.

"Released Party" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) each current and former Affiliate of each Entity in clause (a) through the following clause (g); and (g) each Related Party of each Entity in clause (a) through this clause (g); provided that, in each case, an Entity shall not be a Released Party if it (x) elects to opt out of the releases provided by this Plan or (y) timely objects to the releases provided by this Plan through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"Releasing Parties" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) any statutory committee appointed in these Chapter 11 Cases and its members; (g) all Holders of Claims or Interests that vote to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (h) all Holders of Claims or Interests that are deemed to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (i) all Holders of Claims or Interests that vote to reject this Plan or are deemed to reject this Plan and who do not affirmatively opt out of the releases provided by the

Plan; (j) all Holders of Claims or Interests whose vote to accept or reject this Plan is solicited but who do not vote either to accept or to reject this Plan and do not affirmatively opt out of the releases provided in the Plan; (k) each current and former Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clause (a) through this clause (l) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through clause (j); provided that, in each case, an Entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release or (y) timely objects to the Third-Party Release through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"Related Party" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

## A.     *Discharge of Claims and Termination of Interests.*

**Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in this Plan (including with respect to Reinstated Claims), the Confirmation Order or in any contract, instrument, or other agreement or document created pursuant to this Plan, the distributions, rights, and treatment that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.**

**B.**    *Release of Liens.*

Except as otherwise provided in this Plan (including Section III.B and Section V.E hereof), the Confirmation Order, or in any contract, instrument, or other agreement or document created pursuant to this Plan (including, for the avoidance of doubt, the Exit Facilities Documents), promptly following the applicable distributions made pursuant to this Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Confirmation Date or Effective Date, as applicable, except for (i) with respect to any Lien securing any Allowed Mezzanine Loan Claim or Mortgage Loan Claim, in each case, that are amended and restated under the Exit Facilities, and (ii) Allowed Other Secured Claims that the Debtors elect to Reinstate in accordance with this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns. Any Holder of such Secured Claim (and the applicable agents for such Holder) shall be authorized and directed, at the sole cost and expense of the Reorganized Debtors, to release any collateral or other property of any Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Lien, including the execution, delivery, and Filing or recording of such releases. The presentation or Filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.

To the extent that any Holder of a Secured Claim, including a Holder of any Mezzanine Loan Claim or Mortgage Loan Claim, that has been satisfied or discharged in full pursuant to this Plan, or any agent for such Holder, has filed or recorded publicly any Liens and/or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps reasonably requested by the Debtors, the Reorganized Debtors, if any, that are necessary or desirable to record or effectuate the cancellation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

**C.**    *Releases by the Debtors and their Estates.*

Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration (including, without limitation, the service of the Released Parties to facilitate the expeditious reorganization of the Debtors, the implementation of the restructuring contemplated by this Plan, and the waiver of certain Claims of certain of the Released Parties against the Debtors) the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and

representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action, and liabilities whatsoever, including any derivative claims, asserted by or assertable on behalf of any of the Debtors, their Estates, or the Reorganized Debtors, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, violations of federal or state securities laws, or otherwise, that the Debtors, their Estates, or the Reorganized Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Causes of Action included in the Retained Causes of Action Schedule, or (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in this Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the claims or Causes of Action released by the Debtor Release; (c) in the best interests of the Debtors, the Estates, and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, their Estates, or the Reorganized Debtors asserting any claim or Cause of Action released pursuant to the Debtor Release.

D.    *Releases by the Releasing Parties ("Third-Party Release")*

Effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each of the Releasing Parties shall be deemed to have to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, violations of federal or state securities laws, or otherwise, that such Releasing Party would have been

legally entitled to assert in its own right (whether individually or collectively) or otherwise based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) (i) any obligations, which have not been terminated, and are deemed continued, ratified, reaffirmed, amended and restated (including without limitation, any Existing Letters of Credit and any indemnification rights) under the Mezzanine Loan Documents and the Mortgage Loan Documents, as amended and restated by and in accordance with the Exit Mezzanine Loan Documents and the Exit Mortgage Loan Documents), and (ii) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Causes of Action included in the Retained Causes of Action Schedule, or (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

## E.    *Exculpation.*

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in this Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party hereby is exculpated from any obligation, claim or Cause of Action related to, any act or omission in connection with, relating to, or arising out of the negotiation, solicitation, confirmation, execution, or implementation (to the extent on or prior to the Effective Date) of, as applicable, the Debtor-Related Matters except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted bad faith, fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of securities pursuant to this Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such

distributions made pursuant to this Plan, including the issuance of securities hereunder. The exculpation hereunder will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, an Exculpated Party shall be entitled to exculpation solely for actions taken from the Petition Date through the Effective Date, and the exculpation set forth above does not exculpate any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Solely with respect to the exculpation provisions, notwithstanding anything to the contrary in this Plan, each of the Section 1125(e) Parties shall not incur liability for any Cause of Action or Claim related to any act or omission in connection with, relating to, or arising out of, in whole or in part, (a) the solicitation of acceptance or rejection of this Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code or (b) the participation, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security, offered or sold under this Plan.

**F.    *Injunction.***

Except as otherwise expressly provided in this Plan, or the Confirmation Order, or for obligations issued or required to be paid pursuant this Plan and the Confirmation Order, all Entities and Persons are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims or Interests; (b) enforcing, attaching, collecting, or recovering in any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment, or other similar legal or equitable right of any kind, in each case in the foregoing classes (a) through (d) on account of or in connection with or with respect to any claim, demand, liability, obligation, debt, right, cause of action, equity interest, or remedy released or to be released, exculpated or to be exculpated, settled or to be settled or discharged or to be discharged pursuant to this Plan or the Confirmation order against any Person or Entity so released, discharged, or exculpated (or the property or estate of any Person or Entity so released, discharged, or exculpated) unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, discharged, or settled pursuant to this Plan. All injunctions or stays provided for in the Chapter 11 Cases

under section 105 or section 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of this Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to this Plan, shall be deemed to have consented to the injunction provisions set forth in this Section IX.F.

## **Exhibit 2**

Opt-Out Form

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SHOREVIEW HOLDING LLC, *et al.*,[1] | ) ) | Case No. 25-10566 |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS TO HOLDERS
OR POTENTIAL HOLDERS OF UNIMPAIRED CLAIMS
CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN
AND HOLDERS OR POTENTIAL HOLDERS OF IMPAIRED
CLAIMS CONCLUSIVELY PRESUMED TO REJECT THE
PLAN, AND (II) OPPORTUNITY FOR HOLDERS OF CLAIMS
<u>AND INTERESTS TO OPT OUT OF THE THIRD-PARTY RELEASES</u>**

> **You are receiving this notice and the attached Opt-Out Form because your rights may be affected under the Plan. Due to the nature and treatment of you Claim or Interest under the Plan, you are not entitled to vote on the Plan.**
>
> **You are hereby given notice and the opportunity to opt out of granting the Third Party Release set forth in Article IX.D of the Plan. If you do not opt out of granting the Third Party Release by following the instructions contained in this notice, you will automatically be deemed to have consented to the Third Party Release set forth in Article IX.D of the plan. Opt-Out Forms must be submitted no later than August 4, 2025 at 4:00 p.m. (prevailing Central Time).**
>
> **You should review this notice carefully and may wish to consult legal counsel as your rights may be affected.**

      **PLEASE TAKE NOTICE THAT** on April 24, 2025, Shoreview Holding LLC and its affiliates (collectively, the "<u>Debtors</u>") commenced chapter 11 cases in the United States Bankruptcy Court for the Western District of Texas (the "<u>Court</u>"), and have subsequently filed their *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as <u>Exhibit A</u> to the *Disclosure Statement Relating to the Joint Plan of Reorganization Pursuant to Chapter*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding LLC (8428), PLF Shoreview LLC (7602), MDW Shoreview LLC (8649), Shoreview Apartments LLC (6780), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408).  The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3, Suite 320, Austin, TX 78759.

*11 of the Bankruptcy Code* (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").[2]

**PLEASE TAKE NOTICE THAT** on [●], 2025, the Court entered the *Order (I) Schedule a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Solicitation Procedures, and (IV) Approving the Combined Notice* [Docket No. [●]] (the "Order"). Any objection to the Disclosure Statement or Plan must be made pursuant to the Order, filed with the Court and served upon the Notice Parties to as to be actually received by **July 18, 2025, at 4:00 p.m. (CT)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** the Plan and Disclosure Statement are accessible now, on the Bankruptcy Court's website, https://ecf.txwb.uscourts.gov. Copies of the Plan and the Disclosure Statement may also be obtained upon request of the Debtors' proposed counsel, Troutman Pepper Locke LLP, at the address specified below. The Debtors' Plan and Disclosure Statement will be on the docket with the Bankruptcy Court and will be available for inspection for a fee on the Bankruptcy Court's website at www.txwb.uscourts.gov and will be on file with the Clerk of the Bankruptcy Court, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701, where they will be available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Central Time.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Claim against or Interest in the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, *is **not** entitled to vote on the Plan*. Specifically, under the terms of the Plan, a Holder of a Claim in a Class that is not Impaired under the Plan and, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code or a Holder of a Claim in a Class that is Impaired under the Plan and, therefore, conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, is not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding this notice you should contact Debtors' proposed counsel, Troutman Pepper Locke LLP ("Troutman" or the "Voting Agent") by emailing stephen.humeniuk@troutman.com and referencing "Shoreview" in the subject line.

**WHILE YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT-OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE**

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or the Disclosure Statement, as applicable. In the event of a conflict between the definition of a term in the Disclosure Statement and the definition of the same term in the Plan, the definition in the Plan shall control. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan and/or Disclosure Statement, the Plan shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement;, but in the event of a conflict between the description of the Plan given in the Disclosure Statement and the terms of the Plan itself, the terms of the Plan shall control.

**SEPARATE OPTION TO <u>NOT GRANT</u> THE VOLUNTARY RELEASE CONTAINED IN ARTICLE IX OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT** the following provisions are included in the Plan:

**<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE IX.D</u>  CONTAINS THE FOLLOWING THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY RELEASE</u>"):**

**Effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each of the Releasing Parties shall be deemed to have to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, violations of federal or state securities laws, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) (i) any obligations, which have not been terminated, and are deemed continued, ratified, reaffirmed, amended and restated (including without limitation, any Existing Letters of Credit and any indemnification rights) under the Mezzanine Loan Documents and the Mortgage Loan Documents, as amended and restated by and in accordance with the Exit Mezzanine Loan Documents and the Exit Mortgage Loan Documents), and (ii) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Causes of Action included in the Retained Causes of Action Schedule, or (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar**

**to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

Definitions Related to the Third-Party Release under the Plan:

"**Released Party**" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) each current and former Affiliate of each Entity in clause (a) through the following clause (g); and (g) each Related Party of each Entity in clause (a) through this clause (g); *provided* that, in each case, an Entity shall not be a Released Party if it (x) elects to opt out of the releases provided by this Plan or (y) timely objects to the releases provided by this Plan through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"**Releasing Party**" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) any statutory committee appointed in these Chapter 11 Cases and its members; (g) all Holders of Claims or Interests that vote to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (h) all Holders of Claims or Interests that are deemed to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (i) all Holders of Claims or Interests that vote to reject this Plan or are deemed to reject this Plan and who do not affirmatively opt out of the releases provided by the Plan; (j) all Holders of Claims or Interests whose vote to accept or reject this Plan is solicited but who do not vote either to accept or to reject this Plan and do not affirmatively opt out of the releases provided in the Plan; (k) each current and former Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clause (a) through this clause (l) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through clause (j); *provided* that, in each case, an Entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release or (y) timely objects to the Third-Party Release through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"**Related Party**" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

\*        \*        \*

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT-OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASES INCLUDED IN THE PLAN. IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT DEBTORS' COUNSEL.**

## OPTIONAL: RELEASE OPT-OUT FORM

You are receiving this opt out form (the "Opt-Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"). Holders of Claims and Interests are deemed to grant the Third-Party Release set forth in the Notice unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before August 4, 2025 at 4:00 p.m. (prevailing Central Time), and such objection is not resolved before confirmation.

| |
|---|
| PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY BEFORE COMPLETING THIS OPT-OUT FORM. |

**If you believe you are a Holder of a Claim or Interest with respect to Shoreview Holding LLC or its Debtor affiliates and choose to opt out of the Third-Party Release set forth in Article IX.D of the Plan, you may submit your election to opt-out by completing, signing, and returning the Opt-Out Form promptly via first class mail (in the enclosed reply envelope provided), overnight courier, or hand delivery to Shoreview Ballot Processing c/o Troutman Pepper Locke LLP 300 Colorado St., Suite 2100, Austin, TX 78701, so that it is actually received by the Voting Agent prior to the Opt-Out Deadline.**

## **Opt-Out Form**

To ensure that your hard copy Opt-Out Form is counted clearly sign and return your Opt-Out Form in the enclosed pre-addressed, pre-paid envelope or via first class mail, overnight courier, or hand delivery to Shoreview Ballot Processing c/o Troutman Pepper Locke LLP 300 Colorado St., Suite 2100, Austin, TX 78701.

**THIS OPT-OUT FORM MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY August 4, 2025, AT 4:00 p.m., PREVAILING CENTRAL TIME (THE "OPT-OUT DEADLINE"). IF THE OPT-OUT FORM IS RECEIVED AFTER THE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.**          **Claim.**

The undersigned hereby certifies that, as of July 1, 2025, the undersigned was the Holder of either a Claim or Interest against the Debtors.

**Item 2.**          **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐          **By checking this box, you elect to opt OUT of the Third-Party Releases.**

**Article IX.D of the Plan contains the following Third-Party Release:**

**Effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each of the Releasing Parties shall be deemed to have to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, violations of federal or state securities laws, or otherwise, that such Releasing Party would have been**

legally entitled to assert in its own right (whether individually or collectively) or otherwise based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way in whole or in part to, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) (i) any obligations, which have not been terminated, and are deemed continued, ratified, reaffirmed, amended and restated (including without limitation, any Existing Letters of Credit and any indemnification rights) under the Mezzanine Loan Documents and the Mortgage Loan Documents, as amended and restated by and in accordance with the Exit Mezzanine Loan Documents and the Exit Mortgage Loan Documents), and (ii) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Causes of Action included in the Retained Causes of Action Schedule, or (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Definitions Related to the Third-Party Release under the Plan:

"**Cause of Action**" or "**Causes of Action**" means any claims, interests, damages, remedies, causes of action (including Avoidance Actions), demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise. Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law; (b) the right to object to or otherwise contest Claims or Interests; (c) claims pursuant to sections 362, 510, 542, 543, 544 through and including 550, or 553 of the Bankruptcy Code; (d) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any claim under any state or foreign law, including, without limitation, any fraudulent transfer or similar claim.

"**Released Party**" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) each current and former Affiliate of each Entity in clause (a) through the following clause (g); and (g) each Related Party of each Entity in clause (a) through this clause (g); *provided* that, in each case, an Entity shall not be a Released Party if it (x) elects to opt out of the releases provided by this Plan or (y) timely objects to the releases provided by this Plan through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"**Releasing Party**" means each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) Pearlmark; (d) Prime; (e) each lender under the Exit Facilities or the sponsor(s) of the Alternative Equity Investment; (f) any statutory committee appointed in these Chapter 11 Cases and its members; (g) all Holders of Claims or Interests that vote to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (h) all Holders of Claims or Interests that are deemed to accept this Plan and who do not affirmatively opt out of the releases provided in this Plan; (i) all Holders of Claims or Interests that vote to reject this Plan or are deemed to reject this Plan and who do not affirmatively opt out of the releases provided by the Plan; (j) all Holders of Claims or Interests whose vote to accept or reject this Plan is solicited but who do not vote either to accept or to reject this Plan and do not affirmatively opt out of the releases provided in the Plan; (k) each current and former Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clause (a) through this clause (l) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through clause (j); *provided* that, in each case, an Entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release or (y) timely objects to the Third-Party Release through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation.

"**Related Party**" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

**Item 3.**        **Certifications.**

By signing this paper Opt-Out Form, the undersigned certifies:

(a) that, as of July 1, 2025, either: (i) the Entity is the Holder of the Claim or Interests set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claim or Interests set forth in Item 1;

(b) that the Holder has received a copy of the Notice of (I) Non-Voting Status to Holders or Potential Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan and Holders or Potential Holders of Impaired Claims Conclusively Deemed to Reject the Plan, and (II) Opportunity for Holders of Claims and Interests to Opt-Out of the Third-Party Releases and that this Opt-Out Form is submitted pursuant to the terms and conditions set forth therein;

(c) that the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

(d) that no other Opt-Out Form with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt-Out Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO OPT OUT BY HARDCOPY DELIVERY, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN PROMPTLY VIA FIRST CLASS MAIL BY AUGUST 4, 2025 (IN THE REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER OR HAND DELIVERY TO:**

**Shoreview Ballot Processing**
**c/o Troutman Pepper Locke LLP**
**300 Colorado St., Suite 2100**
**Austin, TX 78701**

**(to arrange hand delivery, please email stephen.humeniuk@troutman.com (with "Shoreview Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery)**