UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-10566-smr |
| SHOREVIEW HOLDING LLC, *et al*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | Jointly Administered |

### MOTION OF PAUL FEIKEMA, LAUREN FEIKEMA AND MEISHA WILSON TO DISMISS THE BANKRUPTCY CASES FOR LACK OF SUBJECT MATTER JURISDICTION

Paul and Lauren Feikema ("Feikema") and Meisha Wilson ("Wilson"), interested parties in several of the above-referenced Chapter 11 bankruptcy cases (collectively, the "Bankruptcy Cases"), hereby move to dismiss the Bankruptcy Cases for lack of subject matter jurisdiction ("Motion to Dismiss") and join in the similar Motion to Dismiss the Bankruptcy Cases for Lack of Subject Matter Jurisdiction filed by Warren Dresner, Ryan Webster ("Webster"), Justin Hobson, and Colin Kilgore (the "Majority Equity Holders") (Doc. No.191) and respectfully state as follows:

**I. PRELIMINARY STATEMENT**

1. With the principal distinctions that they (a) have much, much smaller – almost *de minimis* – ownership interests in the underlying apartment complex at the heart of the Bankruptcy Cases,[2] (b) never held any management positions in any of the Debtors, and (c) have much more limited personal guaranties of the obligations of the Debtors, Feikema and Wilson are similarly situated to the Majority Equity Owners.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Shoreview Holding LLC (8428), PLF Shoreview LLC (7602), MDW Shoreview LLC (8649), Shoreview Apartments LLC (6780), PLF Shoreview Mezz LLC (1270), and MDW Shoreview Mezz LLC (3408). The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3 Suite 320, Austin, Texas 78759.

[2] Together, Feikema and Wilson own only 5% of the equity interests compared to the 95% interest owned by the Majority Equity Owners.

2. Feikema and Wilson agree with the Majority Equity Holders that the decisions in *Franchise Services of North America, Inc.*, 891 F.3d 198 (5th Cir. 2018), and *In re Cinch Wireline Services, LLC*, 23-51742-CAG, 2025 WL 848199 (Bankr. W.D. Tex. March 18, 2025) require dismissal *ab initio* of these cases.

3. Feikema and Wilson also agree with the Majority Equity Owners that Monte Lee-Wen ("Lee-Wen") lacked corporate authority to execute and file the chapter 11 voluntary petitions on behalf of each of the Debtors in these Bankruptcy Cases and that this Court's subject-matter jurisdiction was never invoked, rendering the Bankruptcy Cases *void ab initio*. Accordingly, Feikema and Wilson respectfully request that the Court dismiss each of the Bankruptcy Cases in their entirety.

## BACKGROUND FACTS

4. Feikema and Wilson adopt the background facts set forth in the Motion to Dismiss filed by the Majority Equity Owners, with the following clarifications and supplements.

5. On December 15, 2021, Paul and Lauren Feikema, as the members, Webster, as the sole non-member manager, and C. Anthony Shippam ("Shippam"), as the Sole Independent Manager, entered into a Limited Liability Company Agreement for PLF Shoreview Mezz, LLC, a Delaware limited liability company.

6. On December 15, 2021, Meisha Wilson, as the member, Webster, as the sole non-member manager, and Shippam, as the Sole Independent Manager, entered into a Limited Liability Company Agreement for MDW Shoreview Mezz, LLC, a Delaware limited liability company (together, with PLF Shoreview Mezz, LLC, the "Mezz Debtors").

7. The Mezz Debtors were the investment vehicles through which Feikema and Wilson each acquired an indirect 2.5% interest in the Shoreview Apartment Complex through PLF

Shoreview, LLC, a Delaware limited liability company and MDW Shoreview, LLC, a Delaware limited liability company.

8. The Limited Liability Company Agreements for PLF Shoreview, LLC, and MDW Shoreview, LLC, were executed by Webster as manager of the Mezz Debtors (not by Feikema or Wilson), and Shippam.

9. Lee-Wen was initially involved in the Shoreview entities by virtue of his guaranty of the senior secured debt on the complex in favor of Prime Finance Short Duration Holding Company VII, LLC ("Prime"). Lauren Feikema and Meisha Wilson have never met or spoken with Lee-Wen. Paul Feikema has never met Lee-Wen and has spoken to him only once, which was after the filing of the Bankruptcy Cases.

10. Webster remained the manager of the Mezz Debtors until succeeded by Lee-Wen in December 2024. By mid-2024, the Shoreview Apartments were struggling due to the dramatic increase in interest rates, loan maturities were approaching, and Feikema and Wilson had no realistic expectation of recovering their small investment. At that point in time, they were requested to execute, and did execute resolutions, that substituted Lee-Wen as Manager instead of Webster – conditioned upon Lee-Wen's guaranty of the PRMP V Holdings, LLC loan (which they understood PRMP V Holdings to have required) and Lee-Wen's indemnification of Feikema and Wilson from any liability on the PRMP V Holdings loan.

11. In early May 2025, Feikema and Wilson received after-the-fact notice of the filing of the Bankruptcy Cases.

12. Whatever other facts may be in dispute, there is no dispute that Feikema and Wilson had no involvement in or pre-knowledge of the filing of the Bankruptcy Cases or the TRO Action.

13. This resolution appointing Lee-Wen and manager did not authorize the filing of the TRO Action or the Bankruptcy Cases. That resolution related to efforts to recapitalize the entities – not file Bankruptcy Cases or the TRO Action.

14. At the time, Feikema and Wilson had no information as to what, if any, authorization had been given by the Majority Equity Holders or whether any other filing authority existed.

15. Upon reading the Majority Equity Holders' motion, Feikema and Wilson understand that no actual authority existed for Lee-Wen to file the non-Mezz Debtors.

16. Under Delaware corporate law, the Court must conclude that the filing was unauthorized and void.

## ARGUMENT

17. Feikema and Wilson adopt the legal arguments set forth in the Motion to Dismiss filed by the Majority Equity Owners, with the following supplements and further arguments.

18. The Debtors lacked proper corporate authority to file their respective Bankruptcy Cases. The legal effect of this lack of authority is demonstrated by the decisions of *Franchise Services of North America, Inc.*, 891 F.3d 198 (5th Cir. 2018) and *In re Cinch Wireline Services, LLC*, 23-51742-CAG, 2025 WL 848199 (Bankr. W.D. Tex. March 18, 2025) and require dismissal *ab initio* of the Bankruptcy Cases.

19. To determine whether a debtor has the requisite corporate authority to file a Chapter 11 bankruptcy case, the Court will look to state law. *See Franchise Services*, 891 F.3d at 206 ("State law thus determines who has the authority to file a voluntary petition on behalf of the corporation.").

20. Each of the Debtors, formed under Delaware law, is governed by their respective Limited Liability Company Agreement. Each of the Limited Liability Company Agreements provides that in order for the company to take a "Material Action" (*i.e.*, filing of the Bankruptcy Cases and initiating the TRO Action), such action must be approved not just by the Manager, in this case Lee-Wen, but also by the Independent Manager and the Member(s).

21. As stated above, neither Feikema nor Wilson approved or authorized either the Bankruptcy Cases or the TRO Action or were even aware of such filings when initiated by Lee-Wen. *See* Affidavits attached to the Majority Equity Owners' Motion to Dismiss; *see also* Declaration of Paul Feikema attached as **Exhibit A**.

22. The failure of Lee-Wen to obtain Feikema's and Wilson's consent to the Bankruptcy Cases results in the applicable Debtors not having proper corporate authority to initiate the Chapter 11 cases.

23. As observed by the *Franchise Services* Court, proper authority to file a bankruptcy case must exist as of the petition date. The *Franchise Services* Court went on to state by citing to a 1945 Supreme Court case, "[i]f the petitioners lack authorization under state law, the bankruptcy court 'has no alternative but to dismiss the petition.'" *Price v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513, 89 L.Ed. 776 (1945) (emphasis added).

24. Chief Bankruptcy Judge Gargotta in his March 2025 case of *In re Cinch Wireline Services, LLC*, 23-51742-CAG, 2025 WL 848199 (Bankr. W.D. Tex. March 18, 2025) expounded on the interplay between a debtor's lack of authority to file bankruptcy and subject matter jurisdiction of the Bankruptcy Court over the bankruptcy petition.

25. Simply stated, the Court found, drawing on the case of *In re Mid-South Bus. Assocs., LLC* 555 B.R. 565, 570 (Bankr. N.D. Miss. 2016), that it lacks subject matter jurisdiction over a voluntary petition filed without the necessary and proper corporate authority.

26. Determination of subject matter jurisdiction is as of the filing of the bankruptcy petition. This makes sense given that if a debtor lacks authority to file at the time of the petition filing, then the Bankruptcy Court would similarly not have subject matter jurisdiction at that time. See *In re Cinch Wireline Services, LLC*, 2025 WL 848199, at *13 ("Parties in support of dismissal argue that federal subject matter jurisdiction must exist at the time of filing. This is consistent with the Fifth Circuit's rule in Franchise Services – that the person who files a bankruptcy petition must have authority to do so at the time of filing . . . Moreover, federal jurisdiction, generally, is established based on the facts as they existed at the time of filing, rather than events that occurred after the filing.").

27. The *Cinch Wireline* Court ultimately and importantly held, "without the filing of an authorized petition, subject matter jurisdiction was never established in the first instance to create the 'case' (or the estate), rendering the Bankruptcy Case void *ab initio*." *Id*. at *22.

28. In the instant case, it is clear that Lee-Wen did not have the proper and necessary authority to initiate the Bankruptcy Cases. Without proper authority, subject matter jurisdiction has not been established. Without subject matter jurisdiction by this Court over the bankruptcy petitions, the Bankruptcy Cases are void *ab initio*. In any event, it is undisputed that Feikema and Wilson had no involvement in or pre-knowledge of the filing of the Bankruptcy Cases or the TRO Action.

29. While Feikema and Wilson strongly contend that there was no authority to file the Bankruptcy Cases, if this Court were to find that Lee-Wen *did* have control of the Debtors and

therefore had the resultant authority to file the Bankruptcy Cases, it must necessarily conclude that Feikema and Wilson, who had no involvement in the filings and were totally ignorant of them, had no control over the Debtors, were irrelevant to the process, and did not in any way cause the filings.

## **CONCLUSION**

Based on the foregoing, Feikema and Wilson request this Court grant this Motion and dismiss the Bankruptcy Cases as void *ab initio*, or alternatively, find that Feikema and Wilson were not involved in the filings, were totally ignorant of them, had no control over the Debtor, were irrelevant to the process, and did not in any way cause the filings of the Bankruptcy Cases.

Dated: October 22, 2025　　　　　Respectfully Submitted

*/s/ Harley E. Riedel*
Harley E. Riedel (Florida Bar No. 183628), *pro hac vice*
Elena P. Ketchum (Florida Bar No. 129267) , *pro hac vice*
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: hriedel@srbp.com
　　　　eketchum@srbp.com

- and –

Jameson J. Watts
Texas Bar No. 24079552
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 479-1179
Email: Jameson.watts@huschblackwell.com

**COUNSEL FOR PAUL FEIKEMA, LAUREN FEIKEMA, AND MEISHA WILSON**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 22, 2025, a true and correct copy of the foregoing *Motion of Paul Feikema, Lauren Feikema, and Meisha Wilson to Dismiss the Bankruptcy Cases for Lack of Subject Matter Jurisdiction* was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case as identified on the attached service list.

/s/ Jameson J. Watts
Jameson J. Watts

| | | |
|---|---|---|
| **Casoro Group, LLC**<br>*Added: 07/14/2025*<br>*(Interested Party)* | represented by | **Jennifer Francine Wertz**<br>Jackson Walker, L.L.P.<br>100 Congress Avenue<br>Suite 1100<br>Austin, TX 78701<br>512-236-2247<br>512-391-2147 (fax)<br>jwertz@jw.com<br>*Assigned: 07/14/25* |
| **Warren Dresner**<br>*Added: 10/09/2025*<br>*(Interested Party)* | represented by | **Bradley J Purcell**<br>Reed Smith, LLP<br>2850 N. Harwood Street<br>Suite 1500<br>Dallas, TX 75201<br>469-680-4200<br>469-680-4299 (fax)<br>bpurcell@reedsmith.com<br>*Assigned: 10/09/25* |
| **Laura Feikema**<br>*Added: 05/28/2025*<br>*(Interested Party)* | represented by | **Elena Paras Ketchum**<br>Stichter Riedel Blain & Postler<br>110 E. Madison Street, Suite 200<br>Tampa, FL 33602-4700<br>813-229-0144<br>eketchum@srbp.com<br>*Assigned: 05/29/25* |
| | | **Harley E. Riedel**<br>Stichter Riedel Blain & Postler<br>110 E. Madison Street, Suite 200<br>Tampa, FL<br>813-229-0144<br>hriedel@srbp.com<br>*Assigned: 05/29/25* |
| | | **Jameson Joseph Watts**<br>Husch Blackwell LLP<br>111 Congress Ave, Suite 1400<br>Austin, TX 78701<br>(512) 479-1179<br>(512) 479-1101 (fax)<br>jameson.watts@huschblackwell.com<br>*Assigned: 05/28/25* |

| | | |
|---|---|---|
| **Paul Feikema**<br>*Added: 05/28/2025*<br>*(Interested Party)* | represented by | **Elena Paras Ketchum**<br>Stichter Riedel Blain & Postler<br>110 E. Madison Street, Suite 200<br>Tampa, FL 33602-4700<br>813-229-0144<br>eketchum@srbp.com<br>*Assigned: 05/29/25*<br><br>**Harley E. Riedel**<br>Stichter Riedel Blain & Postler<br>110 E. Madison Street, Suite 200<br>Tampa, FL 33602-4700<br>813-229-0144<br>hriedel@srbp.com<br>*Assigned: 05/29/25*<br><br>**Jameson Joseph Watts**<br>Husch Blackwell LLP<br>111 Congress Ave, Suite 1400<br>Austin, TX 78701<br>(512) 479-1179<br>(512) 479-1101 (fax)<br>jameson.watts@huschblackwell.com<br>*Assigned: 05/28/25* |
| **HMP Advisory Holdings, LLC d/b/a Harney Partners**<br>Frost Bank Tower<br>401 Congress Ave., Suite 1540<br>Austin, TX 78701<br>512-892-0803<br>*Added: 07/22/2025*<br>*(Interested Party)* | | ***Via United States First-Class Mail*** |
| **Justin Hobson**<br>*Added: 10/09/2025*<br>*(Interested Party)* | represented by | **Bradley J Purcell**<br>Reed Smith, LLP<br>2850 N. Harwood Street, Suite 1500<br>Dallas, TX 75201<br>469-680-4200<br>469-680-4299 (fax)<br>bpurcell@reedsmith.com<br>*Assigned: 10/09/25* |

| | | |
|---|---|---|
| **Colin Kilgore**<br>*Added: 10/09/2025*<br>*(Interested Party)* | represented by | **Bradley J Purcell**<br>Reed Smith, LLP<br>2850 N. Harwood Street, Suite 1500<br>Dallas, TX 75201<br>469-680-4200<br>469-680-4299 (fax)<br>bpurcell@reedsmith.com<br>*Assigned: 10/09/25* |
| **MDW Shoreview LLC**<br>9050 N.Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3658649<br>*Added: 05/07/2025*<br>*(JointAdmin Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 05/07/25* |
| | | **Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |
| **MDW Shoreview Mezz LLC**<br>9050 N.Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3873408<br>*Added: 05/07/2025*<br>*(JointAdmin Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 05/07/25* |
| | | **Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |

| | | |
|---|---|---|
| **PFP VII SUB VIII, LLC (as successor in interest to Prime Finance Short Duration Holding Company VII, LLC)**<br>*Added: 05/06/2025*<br>*(Creditor)* | represented by | **Justin G. Imperato**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>212-836-8000<br>Justin.Imperato@arnoldporter.com<br>*Assigned: 05/15/25*<br><br>**Ryan Elliott Manns**<br>Norton Rose Fulbright US LLP<br>2200 Ross Avenue, Ste. 3600<br>Dallas, TX 75201<br>214-855-8000<br>214-855-8200 (fax)<br>ryan.manns@nortonrosefulbright.com<br>*Assigned: 05/06/25*<br><br>**Benjamin G. Mintz**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>212-836-8000<br>Benjamin.Mintz@arnoldporter.com<br>*Assigned: 05/15/25*<br><br>**Steve A. Peirce**<br>Norton Rose Fulbright US LLP<br>111 W. Houston Street, Suite 1800<br>San Antonio, TX 78205-0001<br>210-270-7179<br>210-270-7205 (fax)<br>steve.peirce@nortonrosefulbright.com<br>*Assigned: 05/06/25* |
| **PLF Shoreview LLC**<br>9050 N.Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3657602<br>*Added: 05/07/2025*<br>*(JointAdmin Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 05/07/25* |

12

|  |  |  |
|---|---|---|
|  |  | **Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |
| **PLF Shoreview Mezz LLC**<br>9050 N.Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3851270<br>*Added: 05/07/2025*<br>*(JointAdmin Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 05/07/25* |
|  |  | **Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |
| **Pearlmark Mezzanine Realty Partners V Holdings, LLC**<br>*Added: 04/29/2025*<br>*(Creditor)* | represented by | **Stephen M Pezanosky**<br>Haynes and Boone, LLP<br>201 Main Street<br>Suite 2200<br>Fort Worth, TX 76102<br>817-347-6601<br>817-348-2370 (fax)<br>stephen.pezanosky@haynesboone.com<br>*Assigned: 04/29/25* |
| **Prime Finance Short Duration Holding Company VII, LLC**<br>*Added: 04/29/2025*<br>*(Creditor)* | represented by | **Ryan Elliott Manns**<br>Norton Rose Fulbright US LLP<br>2200 Ross Avenue, Ste. 3600<br>Dallas, TX 75201<br>214-855-8000<br>214-855-8200 (fax)<br>ryan.manns@nortonrosefulbright.com<br>*Assigned: 04/29/25* |

| | | |
|---|---|---|
| **Shoreview Apartments LLC**<br>9050 N.Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3176780<br>*Added: 05/07/2025*<br>*(JointAdmin Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 05/07/25*<br><br>**Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |
| **Shoreview Holding LLC**<br>9050 N. Capital of Texas Hwy<br>Bldg 3 Suite 320<br>Austin, TX 78759<br>Tax ID / EIN: 87-3168428<br>*Added: 04/24/2025*<br>*(Debtor)* | represented by | **Stephen J. Humeniuk**<br>Troutman Pepper Locke LLP<br>300 Colorado St #2100<br>Austin, TX 78701<br>512-305-4838<br>512-305-5800 (fax)<br>stephen.humeniuk@troutman.com<br>*Assigned: 04/24/25*<br><br>**Michael Sabino**<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, NY 10022<br>212 704-6000<br>michael.sabino@troutman.com<br>*Assigned: 05/08/25* |
| **United States Trustee - AU12**<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701<br>(512) 916-5330<br>ustpregion07.au.ecf@usdoj.gov<br>*Added: 04/24/2025*<br>*(U.S. Trustee)* | represented by | **Shane P. Tobin**<br>903 San Jacinto Blvd.<br>Room 230<br>Austin, TX 78701<br>512-916-5348<br>shane.p.tobin@usdoj.gov<br>*Assigned: 04/28/25* |

| | | |
|---|---|---|
| | | **Gary W. Wright** <br> DOJ-UST <br> United Sates Trustee's Office <br> 903 San Jacinto Blvd. #230 <br> Austin, TX 78701 <br> 512-916-5329 <br> gary.wright3@usdoj.gov <br> *Assigned: 07/18/25* |
| **Ryan Webster** <br> *Added: 10/09/2025* <br> *(Interested Party)* | represented by | **Bradley J Purcell** <br> Reed Smith, LLP <br> 2850 N. Harwood Street <br> Suite 1500 <br> Dallas, TX 75201 <br> 469-680-4200 <br> 469-680-4299 (fax) <br> bpurcell@reedsmith.com <br> *Assigned: 10/09/25* |
| **Meisha Wilson** <br> *Added: 05/28/2025* <br> *(Interested Party)* | represented by | **Elena Paras Ketchum** <br> Stichter Riedel Blain & Postler <br> 110 E. Madison Street, Suite 200 <br> Tampa, FL 33602-4700 <br> 813-229-0144 <br> eketchum@srbp.com <br> *Assigned: 05/30/25* |
| | | **Harley E. Riedel** <br> Stichter Riedel Blain & Postler <br> 110 E. Madison Street, Suite 200 <br> Tampa, FL <br> 813-229-0144 <br> hriedel@srbp.com <br> *Assigned: 05/30/25* |
| | | **Jameson Joseph Watts** <br> Husch Blackwell LLP <br> 111 Congress Ave, Suite 1400 <br> Austin, TX 78701 <br> (512) 479-1179 <br> (512) 479-1101 (fax) <br> jameson.watts@huschblackwell.com <br> *Assigned: 05/28/25* |

4927-3410-6228, v. 3