**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 28, 2026.**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SHOREVIEW HOLDING LLC, et al.,**[1] | § | **LEAD CASE NO. 25-10566-SMR** |
| | § | |
| | § | |
| **JOINTLY ADMINISTERED** | § | |
| **DEBTORS.** | § | **COMPLEX CHAPTER 11** |
| | § | |

**ORDER TO APPEAR AND SHOW CAUSE ON**
**STEPHEN J. HUMENIUK AND TROUTMAN PEPPER LOCKE LLP**

On April 24, 2025, the above-referenced Debtors (the "Debtors") filed voluntary petitions (the "Petitions") under chapter 11 of the Bankruptcy Code. The Petitions were filed by Stephen J.

[1] The jointly administered Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: 25-10566-smr Shoreview Holding LLC (8428); 25-10567-smr Shoreview Apartments LLC (8428); 25-10568-smr PLF Shoreview Mezz LLC (1270); 25-10569-smr MDW Shoreview Mezz LLC (3408); 25-10570-smr MDW Shoreview LLC (8649); and 25-10571-smr PLF Shoreview LLC (7602). The notice address for the Debtors is 9050 N. Capital of Texas Hwy., Bldg. 3 Suite 320, Austin, Texas 78759.

Humeniuk ("Humeniuk") of Troutman Pepper Locke LLP ("TPL" or "Troutman Pepper") and were signed by Monte Lee-Wen ("Lee-Wen") on behalf of the Debtors.

On October 28, 2025, Troutman Pepper filed a Final Fee Application of Troutman Pepper Locke LLP for Compensation and Reimbursement of Expenses as Counsel for the Debtors (the "Final Fee Application" at ECF No. 210). Several responses and/or objections were filed to the Final Fee Application, including objections to the corporate authorization of the Petitions, and whether such objections to the corporate authorization of the Petitions were waived/acquiesced to/ratified.

On June 12, 2026, the Court issued an oral ruling on the corporate authorization of the above-captioned Debtors' Petitions and held that Lee-Wen did not appear to have the corporate authority to file the Petitions under applicable law (the "June Oral Ruling"). The Court continued the oral ruling as it related to waiver/acquiescence/ratification.

On June 26, 2026, Troutman filed a Motion to Reconsider the June Oral Ruling (the "Troutman Reconsideration Motion" at ECF No. 326). On the same day, Warren Dresner, Justin Hobson, Colin Kilgore, and Ryan Webster (collectively, the "Webster Parties") also filed a Cross-Motion for Reconsideration of the June Oral Ruling (the "Webster Parties Reconsideration Motion" at ECF No. 327) (collectively, with the Troutman Reconsideration Motion, the "Motions for Reconsideration").

On July 20, 2026, the Court issued an oral ruling on waiver/acquiescence/ratification of the corporate authorization of the Petitions and found that any such responses and/or objections raising waiver/acquiescence/ratification were inapplicable to the Final Fee Application (the "July Oral Ruling").

On August 10, 2026, the Court issued an oral ruling on the Motions for Reconsideration and found that that the Troutman Reconsideration Motion should be denied, and the Webster Parties Reconsideration Motion should be granted in part (the "August Oral Ruling"). The Court also held a status hearing on the Final Fee Application.[2]

Upon consideration of the Final Fee Application, the Petitions, the various pleadings on the docket sheet, the procedural history of this case, and this Court's prior rulings, the Court finds a show cause hearing pursuant to Federal Rule of Bankruptcy Procedure 9011(c) should be held on whether Humeniuk and/or Troutman Pepper should be sanctioned.

The specific conduct to be addressed by the Court per this Show Cause Order is whether the Petitions filed by Humeniuk and/or Troutman Pepper were filed based on the best of their knowledge, information, and belief formed after an inquiry reasonable under the circumstances, that Monte Lee-Wen ("Lee-Wen") had the authority to sign the Petitions on behalf of the Debtors.

**ACCORDINGLY, IT IS THEREFORE ORDERED** that attorney Stephen J. Humeniuk and Troutman Pepper shall appear at a status hearing on **September 24, 2026 at 11:00 A.M. (CT) via Zoom.** Zoom URL: https://www.zoomgov.com/my/robinson.txwb. Call-in number: 669-254-5252; Meeting ID: 161 0862 5245.

**IT IS FURTHER ORDERED** that at the above referenced status hearing the Court will clarify any issues related to this Show Cause Order, consider the entry of a scheduling order related to this show cause order, and set a final hearing date on this show cause order.

**IT IS FURTHER ORDERED** that Humeniuk and and/or Troutman Pepper shall be allowed to submit evidence and show cause/explain to the Court why:

1. Humeniuk and and/or Troutman Pepper should not be sanctioned;

[2] The Court has or will enter separate written orders on the June Oral Ruling, July Oral Ruling, and August Oral Ruling.

2. Humeniuk and and/or Troutman Pepper's Applications for fees and expenses should not be denied;

3. Humeniuk and/or Troutman Pepper should not be subject to any disgorgement of fees; and/or

4. Humeniuk and/or Troutman Pepper should not be subject to such other sanctions and relief as the Court deems reasonable and appropriate under the circumstances.

**IT IS FURTHER ORDERED** that to the extent Humeniuk and/or Troutman Pepper assert that this order is ambiguous, Humeniuk and/or Troutman Pepper shall file a response or objection to this Show Cause Order on or before **September 14, 2026**, and the Court will address any such response/objection at the above referenced status hearing on **September 24, 2026**.

**IT IS FURTHER ORDERED** that the United States Trustee and other parties on interest shall have standing to appear and present evidence on this Show Cause Order.

**IT IS FURTHER ORDERED** that the Court reserves the right to order reasonable and appropriate sanctions should Humeniuk and/or Troutman Pepper fail to appear at the **September 24, 2026** status hearing or the final show cause hearing.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Show Cause Order.

# # #